IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SHEILA RIVERS, ) | |
| ) | |
| ) | CIVIL ACTION NO. 0:05-1961-TLW-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on September 24, 2002, alleging disability as of October 31, 2001 due to arthritis in her knees. (R.pp. 134-136, 140). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 24, 2003. (R.pp. 32-62). The ALJ thereafter denied Plaintiff's claim in a decision issued February 12, 2004. (R.pp. 96-102).

On appeal, the case was remanded by the Appeals Council for further proceedings on April 21, 2004. (R.pp. 130-132). Plaintiff also filed another application for DIB on April 19, 2004, as well as an application for Supplemental Security Income (SSI) on March 11, 2004, both of which were consolidated with the original application for purposes of a decision. (R.p. 11). A supplemental



hearing was then held on July 13, 2004; (R.pp. 63-90); following which the ALJ issued a decision again denying Plaintiff's claims on February 24, 2005. (R.pp. 11-20). The Appeals Council denied Plaintiff's request for a review of this decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 3-5).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.

2



"[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## **Discussion**

A review of the record shows that Plaintiff, who was forty-five (45) years old when she alleges her disability began, has a high school education with past relevant work as an A-line inspector and customer service representative. (R.pp. 134, 141, 146). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff is unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity to perform a significant range of light work[1], and was therefore not disabled. (R.pp. 18-19).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to consider all of the medical record, by failing to fully develop and consider new evidence, and by failing to properly consider and evaluate Plaintiff's subjective testimony as to the extent of her pain and limitations, as well as the testimony of Plaintiff's husband. After careful review of the record and arguments presented, the undersigned agrees with the Plaintiff that the ALJ failed to discuss and

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

3



evaluate relevant evidence in this case, and that remand of the cause for further proceedings is therefore required.

Part of the evidence obtained in this case was a consultative opinion from Dr. Ray Hodges of Berkeley Psychiatric Associates dated June 18, 2004. Following this consultation, Dr. Hodges opined that "[t]his patient's depression is of such severity, as I encouraged her to speak with her family physician about starting an antidepressant. Although her depression is severe, taken alone it did not seem disabling in its own right, however, as a comorbid condition with her chronic pain and severe arthritis in both of her knees, it does seem disabling." (R.p. 287). The ALJ did not have Dr. Hodges' opinion at the time of the hearing, but, as noted by the Plaintiff in her brief, the ALJ specifically stated at the conclusion of the hearing that he intended to keep the record open until he had received Dr. Hodges' opinion, indicating that he wanted "to get that information in the file because I want to see what Dr. Hodges has to say about her depression, because that could very well be very important to us in making our decision." (R.p. 87). However, notwithstanding this statement, when the ALJ later issued his decision in February 2005, he failed to even mention Dr. Hodges' conclusions or indicate why he was discounting Dr. Hodges' opinion of disability. See generally, (R.pp. 11-20).

The recommendation for remand based on this omission is a reluctant one, as the Commissioner ably argues in her brief that, at least judging from Dr. Hodges' submission alone; (R.pp. 285-287); his opinion appears to be based entirely on what the Plaintiff told him concerning the extent of her physical pain and the severity of her depression, and not on any objective medical evidence. See, e.g., Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) [ALJ may disregard a physician's opinion that is based on the claimant's subjective description of symptoms]; Fair v.

4



Bowen, 885 F.2d 597, 605 (9th Cir. 1989) [ALJ properly discredited physician's opinion that was based on claimant's own subjective complaints]. However, there is no way for this Court to know if that is why the ALJ rejected Dr. Hodges' opinion, since the ALJ does not mention this opinion anywhere in his decision. Indeed, there is no way for the Court to know whether the ALJ in fact even received, evaluated, or considered Dr. Hodges' opinion in reaching his decision, even though he had himself earlier stated that what Dr. Hodges had to say about Plaintiff's depression could be "very important...in making [his] decision." (R.p. 87). Therefore, remand is required for further consideration of this record and for an explanation as to the weight given to this evidence. See Clifford v. Apfel, 227 F.3d 863, 870-871 (7th Cir. 2000); Morales v. Apfel, 225 F.3d 310, 317-318 (3rd Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of medical opinions]; Smith v. Heckler, 782 F.2d 1176, 1180 (4th Cir. 1986); Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; *cf.* Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians].

With respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able reconsider and reevaluate Plaintiff's credibility and the medical record as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [On remand, the ALJ's prior decision has no preclusive effect, with the new hearing being conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment

5



affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for a proper evaluation and consideration of the relevant medical evidence, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993); Butts v. Barnhart, 388 F.3d 377 (2d Cir. 2004).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 17, 2006

